UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____
                                      )
UNITED STATES OF AMERICA              )
*ex rel.* J. MICHAEL HAYES,           )
                                      )
                    Plaintiff/Relator )
                                      )
         - Against -                  )    Civil No. 12 CV 1015 (WMS)
                                      )
                                      )
ALLSTATE INSURANCE CO., *et al.*      )
                                      )
                    Defendants.       )
_____)

**REPLY OF FEDEX DEFENDANTS TO RELATOR'S RESPONSE TO FEDEX'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Relator has failed to address any of the arguments made by the FedEx Defendants that, given a violation of Rule 11 in this case, the Court should award attorneys' fees in addition to dismissal. Instead, Relator continues his argument, on which he has already expended fifty pages of briefing, that no Rule 11 violation occurred. To the extent Relator has made new arguments to this effect, those arguments are also unavailing.

Relator claims that the recommendation of the Magistrate Judge to deny monetary sanctions should be subject to a "clearly erroneous" standard, as if FedEx's motion were for non-dispositive sanctions only.[1] Here, however, FedEx moved for *dispositive sanctions*. The

---

[1] The first case cited by Relator, *Smith & Green Corp. v. Trustees of Const. Industry and Laborers Health and Welfare Trust*, 244 F. Supp. 2d 1098 (D. Nev. 2003) holds merely that a challenge to a magistrate judge's "ruling on a motion for non-dispositive Rule 11 sanctions is reviewed by the district court for clear error." *Id*. at 1102. In this case, the Rule 11 motion was for dispositive sanctions and was treated as such by the Magistrate Judge. The remaining

1

Magistrate Judge, furthermore, made a dispositive recommendation on FedEx's Rule 11 motion, which is reviewed pursuant to *de novo* standard. The Magistrate Judge's corresponding recommendation to deny fees was based on his finding that dismissal of the entire action with prejudice would provide a sufficient deterrent to satisfy Rule 11, rendering fees unnecessary. These recommendations were inextricably intertwined such that they cannot logically be subject to inconsistent standards of review. This Court must have the freedom to craft an appropriate remedy if it concludes, consistent with the pending Report, that Relator violated Rule 11. The entire recommendation, including that to deny fees, must be reviewed *de novo*. Also, *See Bennett v. General Cater Service of N. Gordon Co., Inc.*, 976 F.2d 995, 998 (6th Cir. 1992) (finding that Rule 11 motion for monetary sanctions should be treated as dispositive motion requiring *de novo* review); *Retired Chicago Police Assn. v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996) (same).

Relator cites a recent *per curiam* opinion from the United States Supreme Court, *Johnson v. City of Shelby, Mississippi*, 574 U.S. ____ (Nov. 10, 2014) (copy attached to Relator's Response) in support of the argument that he did not violate Rule 11. That case, however, has no bearing on this one. The Supreme Court in *Johnson* did not address Rule 11 at all. The issue was whether summary judgment had appropriately been granted based upon the plaintiff's failure to explicitly invoke 42 U.S.C. § 1983 in charging a violation of the Fourteenth Amendment. The Court found that no heightened pleading standard applied such that an explicit reference to 42 U.S.C. § 1983 was required. As the complaint adequately gave notice of the claim asserted pursuant to general pleading rules, the Court found summary judgment to be inappropriate.

---

authority cited by Relator on this point is inapposite as it does not involve Rule 11 sanctions at all, much less a motion for dispositive sanctions under Rule 11.

In this case, by contrast, the issue is not one of pleading standards or failure to invoke a particular statute. The issue involves the assertion of numerous claims for which Relator had no reasonable factual basis and an analysis of such claims under Rule 11, as opposed to Rule 12 or Rule 56. Even if an analysis of pleadings standards were required, the *Johnson* case would provide no support for Relator's position, for unlike the claims in *Johnson*, Relator's claims *are* subject to a heightened pleading standard. Relator's claims of fraud must meet the requirements of Fed. R. Civ. P. 9(b).

Relator also cites to *Mikes v. Straus*, 274 F.3d 687 (2d Cir. 2001) for the proposition that sanctions of any kind are inappropriate. That case, however, does not advance Relator's position. In *Mikes*, the Court affirmed the district judge's decision to limit the fees awarded to a defendant where both frivolous and non-frivolous claims were presented. *See id*, at 705-706. The Court found it within the district judge's discretion to award fees in relation to the frivolous claims only. In *Mikes*, the award of sanctions was based upon the *legal* insufficiency of the plaintiff's claims, as opposed the *factual* insufficiencies involved in this case. This rendered it possible to clearly distinguish between frivolous and non-frivolous claims since they were based upon different legal theories. In this case, however, no such delineation is feasible, as Relator's claims against all defendants are based upon knowingly false or factually unsupported statements.

The factual insufficiencies identified by the Magistrate Judge are necessary and integral to every claim in the Amended Complaint, as without the predicate first-hand knowledge of the alleged fraud in question, Relator's complaint would not survive a motion to dismiss based upon the Original Source Rule. See FedEx Memorandum, at 16; Report at 11. Relator argues that the Magistrate Judge should have considered the potential merits of his claims, but under a Rule 11 analysis, such an analysis is irrelevant. The question is not whether some claims might ultimately

turn out to have merit, but whether the plaintiff had a reasonable factual basis for making them when he filed his complaint. Rule 11 is intended to deter abuse of the judicial process. *See CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 579 (3d Cir. 1991); *Foster v. Michelin Tire Corp.*, 108 F.R.D. 412, 415-16 (C.D. Ill. 1985).

Another important point of distinction is that in this case, Relator has effectively conceded the lack of factual foundation for every statement addressed in FedEx's Rule 11 motion. Relator cannot therefore claim that some portion of FedEx's fees in prosecuting this motion were attributable to statements that complied with Rule 11. There is simply no analogous basis for the Court to limit FedEx's fees as the Court did in *Mikes*.

For all the reasons stated above, as well as in the FedEx Defendants' initial objection to the Report, the FedEx Defendants should be awarded their fees in prosecuting this motion.

DATED:        December 1, 2014

        NIXON PEABODY LLP

        By:   /s/ Susan C. Roney
             Susan C. Roney
        40 Fountain Plaza, Suite 500
        Buffalo, New York 14202
        Telephone: (716) 853-8100
        E-mail:  sroney@nixonpeabody.com

        FEDERAL EXPRESS CORPORATION

        By:     /s/ Richard C. Saxton
             Richard C. Saxton
        3620 Hacks Cross Rd., Bldg. B, 2d Floor
        Memphis, Tennessee 38125
        Telephone: (901) 434-8402
        E-mail:  richard.saxton@fedex.com

        By:     /s/ John W. Campbell
             John W. Campbell
        3620 Hacks Cross Rd., Bldg. B, 2d Floor
        Memphis, Tennessee 38125
        Telephone: (901) 434-8403
        E-mail:  jwcampbell@fedex.com

*Attorneys for Defendants FedEx Corporation, Federal Express Corporation, FedEx Ground Package System Inc., FedEx Freight Corporation, FedEx Office and Print Services, Inc., FedEx Custom Critical Inc., FedEx Trade Networks Inc., FedEx SupplyChain Systems, Inc., and FedEx Corporate Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2014, I caused the foregoing to be filed with the Clerk of the District Court using the CM/ECF system, which will send notification to all CM/ECF participants, including counsel for plaintiff-relator, Peter Jasen.

                                                By:____/s/ John W. Campbell_____
                                                John W. Campbell